**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

___

**DEBORAH D. EVANS,**

      Petitioner,

  v.                                            **Case No. 01-C-1115**

**WISCONSIN DEPARTMENT OF CORRECTIONS**,

      Respondent.

___

**DECISION AND ORDER ON THE PETITION
FOR A WRIT OF HABEAS CORPUS**

___

**I. FACTS**

Petitioner Deborah D. Evans ("Ms. Evans") is currently in custody of the Wisconsin Department of Corrections serving a nine-year prison sentence following the revocation of her probation. On July 31, 1996, Ms. Evans was convicted of second degree reckless injury while armed with a dangerous weapon after she shot her husband in the chest during a dispute. The Milwaukee County circuit court sentenced Ms. Evans to nine years in prison, but stayed the sentence and placed her on nine years probation. On January 17, 1999, Ms. Evans' ten month old grandson, Aundray Evans, received second-degree burns to more than 50 percent of his body while in her care after he either accidentally fell into a bathtub filled with scalding hot water, as she alleges, or was intentionally placed in the bathtub by Ms. Evans, as the State alleges. As a result of this incident, Ms. Evans was criminally charged with physical abuse of a child; additionally, the Division of Probation and Parole recommended revocation of her probation, alleging she intentionally caused great bodily harm to her grandson.

On May 12, 1999, a jury found Ms. Evans not guilty of the criminal charge of physical abuse of a child, failing to find beyond a reasonable doubt that she committed the crime. The Department of Corrections then initiated revocation proceedings and on July 30, 1999, an administrative law judge from the Division of Hearings and Appeals ("Division") revoked Ms. Evans' probation, finding by a preponderance of the evidence that she did intentionally cause great bodily harm to her grandson. On July 24, 2000, the Milwaukee County circuit court affirmed the decision of the administrative law judge revoking Ms. Evans' probation. On October 15, 2001, the Wisconsin Court of Appeals affirmed the circuit court decision. On October 31, 2001, Ms. Evans submitted this petition for a writ of habeas corpus, which was initially dismissed without prejudice for failure to exhaust her state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). On March 19, 2002, the Wisconsin Supreme Court denied Ms. Evans' petition for review and, her state court remedies exhausted, this petition was reopened on April 19, 2002. The case was transferred to this court upon the consent of the parties pursuant to 28 U.S.C. §636(c).

Ms. Evans alleges four grounds for relief in her petition: (1) actual innocence of the child abuse charge; (2) that the acquittal on the criminal charge of child abuse should have precluded a probation revocation based on the same facts; (3) that the state's expert witness, Dr. Lazoritz, was factually incorrect in his findings and his testimony was given too much weight; and (4) the state's revocation recommendation should have been revised after the jury finding of not guilty. (Petition ¶ 22(A-D).) Additionally, Ms. Evans raised a claim of ineffective assistance of counsel before the Wisconsin Court of Appeals, which was denied for failure to exhaust. Despite the failure to exhaust the claim in state court, this court will address the ineffective assistance claim on the merits.

For the reasons stated herein, the petition is denied.

2

**II. ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus is available if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief for a person in custody pursuant to the judgment of a State court may be granted if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). There is an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Questions of law or mixed questions of law and fact are reviewed *de novo*, but state court decisions that are "at least minimally consistent with the facts and circumstances of the case" will be upheld. Sanchez v. Gilmore, 189 F.3d 619, 623 (7th Cir. 1999). State court factual determinations are presumed correct, although the applicant may rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### A. Actual Innocence

Ms. Evans alleges that she is actually innocent of abusing her grandson, the conduct underlying the revocation of her parole. However, a claim of actual innocence is not by itself a ground for habeas relief, absent some underlying constitutional violation. United States ex rel. Bell v. Pierson, 267 F.3d 544, 551 (7th Cir. 2001). In other words, a showing of actual innocence acts as a "gateway" which allows a petitioner to bring claims of constitutional error that would otherwise be procedurally barred. Id. The burden is on the petitioner to demonstrate actual innocence. Buie v. McAdory, 341 F.3d 623, 626 (7th Cir. 2003).

Here, Ms. Evans has failed to demonstrate actual innocence. She has not provided nor has she alleged there exists new, reliable evidence. She continues to claim that she is innocent of abusing her grandson, but without some additional showing to prove her contention, there is no basis to upset the state court's determination. Furthermore, the "gateway" function of an actual innocence claim is unnecessary in this case. This court will review all of Ms. Evans' other claims on the merits to determine whether relief is warranted, but her claim of actual innocence cannot be the basis for habeas relief.

This is because it is important to emphasize the basis for Ms. Evans' current incarceration. Ms. Evans is not being incarcerated for a conviction on the crime of child abuse, a criminal charge of which she was acquitted, but she is in custody for failing to follow the terms of her probation following her conviction for reckless injury with a dangerous weapon. The fact that she was acquitted criminally of the child abuse charges does not preclude a revocation of her probation because of the different burdens of proof, as will be discussed below.

4

**B.     Effect of the Criminal Acquittal on the Probation Revocation**

Ms. Evans argues her probation revocation was unreasonable because the jury verdict of not guilty in the criminal proceeding should have precluded a probation revocation based on the same underlying conduct; essentially, that the doctrine of collateral estoppel should apply. In this regard, it must be noted that the burden of proof on the prosecution in a criminal proceeding is proof beyond a reasonable doubt, but the burden of proof on the Department of Corrections in a probation revocation is only a preponderance of the evidence. Wisconsin Administrative Code HA 2.05(6)(f). This difference in the burden of proof is significant in that it precludes application of collateral estoppel. State ex rel. Flowers v. Department of Health & Social Services, 81 Wis. 2d 376, 387 (1978).

Addressing the revocation proceedings, a state court's review of an administrative decision to revoke probation is not *de novo*. Van Ermen v. Department of Health & Social Services, 84 Wis.2d 57, 63 (1978). Instead, the court is deferential to the Division's determinations and the inquiry is limited to the following questions: "(1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." Id. Additionally, the court may not substitute its own judgment for that of the Division; the court is limited to inquiring whether there is substantial evidence to support the Division's decision. Id. at 64. Substantial evidence is that which is "relevant, credible, probative, and of a quantum upon which a reasonable fact finder could base a conclusion." Cornwell Personnel Assoc. v. LIRC, 175 Wis. 2d 537, 544 (Ct. App. 1993).

5

The Division's decision to revoke is not arbitrary or unreasonable if it acts on a rational basis. Van Ermen, 84 Wis. 2d at 64. Further, "arbitrary action is the result of an unconsidered, willful or irrational choice." Id. The individual challenging the probation revocation has the burden of proving by a preponderance of the evidence that the decision was arbitrary or unreasonable. State ex rel. Johnson v. Cady, 50 Wis.2d 540, 550 (1971). When the record shows that the Administrative Law Judge looked to and considered the facts of the record and reasoned his or her way to a conclusion that is reasonable and consistent with applicable law, the decision will be affirmed. Burkes v. Hales, 165 Wis. 2d 585, 587 (Ct. App. 1991).

Here, the Administrative Law Judge considered all of the evidence presented and determined that the Division had met its burden of proving by a preponderance of the evidence that Ms. Evans violated her probation. The judge weighed the testimony of both Dr. Lazoritz, the state's expert witness, and Dr. Levitt, the defense's expert witness, and concluded that Dr. Lazoritz's findings were most credible and consistent with the facts. Additionally, the judge reviewed a written statement by Ms. Evans detailing her version of how the injury to her grandson occurred. The judge was aware of and considered the fact that Ms. Evans had been acquitted of the criminal charges that had been brought as a result of this incident. There was certainly substantial evidence for the judge to reach the conclusion she did, and the decision was well reasoned and consistent with applicable law. As a result, Ms. Evans has failed to meet her burden of proving by a preponderance of the evidence that the judge's decision was arbitrary or unreasonable. Therefore, her claim that her probation revocation was unreasonable because of her acquittal on the criminal charge cannot be the basis for habeas relief.

### C. Dr. Lazoritz's Testimony

Ms. Evans next challenges the accuracy of and weight given to the testimony of the state's

expert witness, Dr. Lazoritz; essentially, she is asking this court to re-weigh the evidence. However, it is up to the State Administrative Law Judge to weigh the credibility of witnesses, Wis. Adm. Code HA 2.05(6)(b), and make findings of fact. Wis. Adm. Code HA 2.05(7)(b). This court may only find an unreasonable determination of the facts based on the state court evidence if the petitioner shows such an unreasonable determination by clear and convincing evidence. 28 U.S.C. § 2254(d)(2), (e)(1).

In this case, the opinion of the Administrative Law Judge clearly shows that she closely considered the testimony of both Dr. Lazoritz and the defense's expert witness, Dr. Levitt. The judge found Dr. Lazoritz's testimony more convincing and, accordingly, found that the state had met its preponderance of the evidence burden in showing that Ms. Evans physically abused her grandson. Ms. Evans may allege that Dr. Lazoritz was incorrect in his findings, but she has failed to produce any evidence, other than her own opinions, to rebut the presumption that the state court findings of fact are correct. As such, Ms. Evans has failed to show an unreasonable determination of the facts by clear and convincing evidence and this claim cannot be grounds for habeas relief.

### D. The State's Revocation Recommendation

Ms. Evans' fourth claim is that the state should have revised its probation revocation recommendation after she was found not guilty. This claim does not appear to have been raised in state court and thus has not been exhausted as required by 28 U.S.C. § 2254(b)(1)(A); however, under § 2254(2) an unexhausted claim may still be denied on the merits despite the failure to exhaust all state court remedies. Ms. Evans appears to be alleging that the state had an affirmative duty to change the recommendation to revoke her probation once she was found not guilty. However, as stated in Ms. Evans' second claim, above, the criminal acquittal does not preclude a probation revocation. Despite a finding of not guilty in a criminal proceeding, the state may still pursue a revocation of probation

7

in the belief that the underlying action which led to the criminal charge constitutes a violation of the terms of probation. Furthermore, Ms. Evans does not allege that this failure to modify the revocation recommendation raises an issue of Federal law or that it is an unreasonable determination of the facts. As such, this is not a claim on which habeas relief can be granted.

### E. Ineffective Assistance of Counsel

In her brief to the Wisconsin Court of Appeals, Ms. Evans alleged that she did not receive her Sixth Amendment right to the effective assistance of counsel at her revocation hearing. This issue was not presented in her habeas petition to this Court, but it will now be addressed on the merits under 28 U.S.C. § 2254(b)(2). The United States Supreme Court set forth a two-pronged analysis in Strickland v. Washington, 466 U.S. 668 (1984), for reviewing claims of ineffective assistance of counsel: (1) whether counsel's performance fell below an objective standard of reasonableness; and (2) whether the defendant was prejudiced by counsel's deficient performance. Id. at 688-92. In assessing counsel's performance, there is a presumption that counsel provided "reasonable professional assistance" and that "the challenged act or omission might have been considered sound trial strategy." United States v. Allen, 390 F.3d 944, 951 (7th Cir. 2004)(quoting Hough v. Anderson, 272 F.3d 878, 891 (7th Cir. 2001)). There is prejudice to the defendant where, but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. Id.

Turning now to Ms. Evans' claim, she alleges that counsel was ineffective because of the decision not to call her as a witness at the revocation hearing. This court cannot agree that counsel's performance was deficient, and finds that the decision not to call Ms. Evans was part of a trial strategy and falls within the wide range of action constituting reasonable professional assistance. All parties, including the court, were aware of the facts of the case and of Ms. Evans' claims that she did not abuse

8

her grandson. As such, counsel decided to focus on the disagreement between the medical experts, as that testimony was likely to carry great weight. Furthermore, if Ms. Evans had as much desire to testify at the revocation hearing as she claims in her brief, she could have done so by emphasizing her desire to counsel or the court. However, it is more likely that she agreed with the trial strategy at the time and only now, after it was unsuccessful, has regrets. Counsel's performance was not deficient simply because the particular trial strategy did not work.

Having failed to find deficient performance on the part of counsel it is not necessary to reach the issue of whether there was prejudice to the defendant. This court finds that the performance of Ms. Evans' counsel was within the range of reasonable professional assistance. Therefore, Ms. Evans' Sixth Amendment claim of ineffective assistance of counsel cannot be grounds for habeas relief.

### III. CONCLUSION

The petitioner, Deborah D. Evans, has failed to show that the decision to revoke her probation was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented.

**THEREFORE, IT IS ORDERED**, that the petition for a Writ of Habeas Corpus is DENIED and that judgment dismissing this case be entered.

Dated this 5th day of May, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge